UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| **ROBERT RICE**<br><br>    Plaintiff,<br><br>v.<br><br>**METROPOLITAN LIFE INSURANCE COMPANY,**<br><br>    Defendant. | Civil Action No.  4:23CV-81-DJH<br><br>**COMPLAINT** |

## INTRODUCTION

1. This complaint seeks legal and equitable damages arising from and relating to a long-term ("LTD") disability insurance policy issued and underwritten by Defendant.

2. The headings contained in this complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this complaint as though fully set forth therein.

3. The factual allegations found in this complaint are not exhaustive and are presented throughout this complaint so as to provide Defendant with the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION & VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under Federal Question Jurisdiction pursuant to 28 U.S.C. § 1331 and the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District

of Kentucky pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Robert Rice ("Mr. Rice") is a citizen of the United States, a resident of the State of Kentucky, an insured participant under the long-term disability insurance policy ("LTD Policy") at issue in this lawsuit.

7. Defendant Metropolitan Life Insurance Company ("Met Life") is the insurer of the LTD Policy at issue in this lawsuit. Met Life does business as an admitted insurer, and can be regularly found operating within the Commonwealth of Kentucky. Met Life's agent for service of legal process is CT Corporation System, 306 West Main Street, Suite 512, Frankfort, KY 40601.

## FACTS

8. Mr. Rice is insured under the LTD Policy and Life Policy issued by Met Life to his employer, Aisin Holdings of America, Inc.

9. Mr. Rice ceased work in November 2021 because of the physical limitations resulting from his disabling conditions and corresponding treatment regimen.

10. Subsequent to ceasing work, Mr. Rice has remained continuously disabled and unable to perform the duties necessary to engage in his prior employment or any other gainful employment.

11. Based on his disabling conditions, Mr. Rice applied for short-term disability ("STD") benefits which were in turn approved by Met Life for the period November 2021 through May 2022—the maximum period.

12. Upon the exhaustion of his STD benefits, and based on the same disabling conditions, Mr. Mr. Rice submitted his claim for disability benefits under the LTD Policy.

13. Met Life denied Mr. Rice's LTD claim.

14. Mr. Rice appealed the LTD claim denial, but Met Life denied his appeal.

15. Mr. Rice has met and continues to meet the requirements of the LTD Policy necessary to receive LTD benefits.

16. In administering Mr. Rice' LTD Policy, Met Life actively sought to deny his disability claims—including disregarding the opinions of his examining and treating medical professionals.

17. At all times relative hereto, Met Life has been operating under an inherent and structural conflict of interest because any LTD benefits provided to Mr. Rice are paid from Met Life's own assets with each payment depleting those same assets.

18. Met Life's corporate culture pressures claims personnel to terminate claims, as well as to deny appeals in order to reduce disability benefits it must provide.

19. Employees who save Met Life money by terminating or denying claims are more likely to be rewarded (e.g. with favorable employment reviews, promotions, raises, and bonuses) compared with those who do not.

20. Mr. Rice has exhausted his administrative remedies.

21. Mr. Rice complaint is timely and is not otherwise time barred.

## CLAIMS

**A.  Breach of Contract**

22. The LTD Policy is a written contract.

23. Met Life breached the terms of the LTD Policy by, among other things, improperly denying Mr. Rice's LTD benefits.

24. Met Life's breach of the LTD Policy damaged Mr. Rice, not only in the loss of his LTD benefits, but also in the loss of earnings on his LTD benefits, the loss of opportunity, and the attorneys' fees and costs incurred.

25. 29 U.S.C. §§1132(a) is the enforcement mechanism permitting Mr. Rice to enforce the contractual terms of the policies, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.      Attorneys' Fees & Costs**

26. As a result of Met Life's improper conduct, Mr. Rice has incurred attorneys' fees and costs.

27. 29 U.S.C. §1132(g) is the enforcement mechanism permitting Mr. Rice to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

28. Mr. Rice requests the Court enter judgment in his favor and against Met Life on all claims asserted herein, to include legal and equitable relief as appropriate.

29. Mr. Rice requests the Court to award reasonable attorneys' fees and costs.

30. Mr. Rice requests the Court to award pre- and post-judgment interest at the greater of the statutory interest rate, or the rate earned by Met Life on the unpaid benefits.

31. Mr. Rice requests the Court to award any and all other legal or equitable relief to which he may be entitled.

32. Mr. Rice requests leave to amend his claims when and as necessary to ensure he receives substantial justice.

33. Mr. Rice requests the Court deem him pleadings to confirm to the evidence.

* * * * * * * * * *

- 5 -

Dated:  June 20, 2023                     Respectfully submitted,

/s/ Michael D. Grabhorn

**Grabhorn Law | Insured Rights®**
Michael D. Grabhorn, CLU ChFC
(KBA 89842)
*m.grabhorn@grabhornlaw.com*
Andrew M. Grabhorn
(KBA 96477)
*a.grabhorn@grabhornlaw.com*
2525 Nelson Miller Parkway, Suite 107
Louisville, Kentucky  40223
p: 502.244.9331
f: 502.244.9334

*Counsel for Plaintiff*